**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
FRANCOIS COTE,                      :
                                    :   Civil Action No. 08-2956 (MLC)
               Plaintiff,           :
                                    :
          v.                        :          O P I N I O N
                                    :
MICHAEL MUKASEY,                    :
                                    :
               Defendant.           :
                                    :
```

**APPEARANCES:**

    FRANCOIS COTE, Plaintiff pro se, #15869-424
    Loretto Federal Correctional Institution
    Inmate Mail/Parcels, P.O. Box 1000, Loretto, PA 15940

**COOPER**, District Judge

    Plaintiff, Francois Cote, was a federal prisoner confined at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI Loretto"), when he submitted the Complaint. Cote indicates in the Complaint that he expected to be released from confinement in June 2008. In June 2008, mail that was sent by the Clerk of the Court to Cote at FCI Loretto was returned marked as "NOT AT FCI LORETTO." (See Docket Entry No. 3). Cote has provided no new address as required under Local Civil Rule 10.1.

    Cote brings this action in forma pauperis, challenging the validity and constitutionality of the two federal statutes under which he was convicted.[1] Based on his affidavit of indigence,

---

[1] Cote also moved to file this action under seal and proceed pseudonymously. (Docket Entry No. 2).

the Court will grant the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and file the Complaint.

The Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Cote brings this action concerning 18 U.S.C. §§ 2422(b) and 2423(b), stating that he "was prosecuted and convicted after a jury trial for violating both statutes, based on records of online chats, telephonic and text messages, as well as his travel to Chicago." (Compl. ¶ 2). He admits that he "use[s] both web-based and IRC (Internet Relay Chat) fantasy/role-play chat rooms/ channels catering to adults, on the topic of teenage girls interested in engaging in sexual relationships with older men." (<u>Id.</u>)

Cote claims that the statutes (1) are "vague, overbroad, and underinclusive - in their operation and effect and as applied to Plaintiff's speech - and violate the First and Fifth Amendment rights of Plaintiff", (2) in their operation and effect, violate his right to free speech, free thought, privacy, and anonymity, and (3) "violate both the Commerce and Dormant Commerce Clauses,

the Federal/State balance, the Fourteenth Amendment Territorial Principle, the CDA (Communications Decency Act), and International Law". (Compl. ¶¶ 6, 11-18).

Cote asks that the statutes be declared unconstitutional on their face, and as applied to him. He also asks that the actions of federal and state law enforcement officials in investigating and conducting on-line undercover surveillance within the fantasy/role-play Internet chat rooms be declared unconstitutional. He also seeks to enjoin the enforcement of the statutes against him, including using the statutes to threaten deportation from the United States. (Compl., Prayer for Relief).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

A district court must review a complaint in a civil action in which a prisoner proceeds in forma pauperis or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. Cote's action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) as he proceeds as an indigent, and 28 U.S.C. § 1915A as he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must construe it liberally in the plaintiff's favor.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se prisoner plaintiff simply need comply with the requirements of Rule 8(a)(2) (complaint should contain "short and plain statement of the claim showing that the pleader is entitled to relief").  See Erickson, 127 S.Ct. at 2200.  Thus, a complaint must plead facts sufficient to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Erickson, 127 S.Ct. at 2200 (cites omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

4

> Factual allegations must be enough to raise a right to relief above the speculation level.

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A pro se prisoner plaintiff may allege only enough factual matter, taken as true, to suggest the required elements of the claims asserted. Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of claim but lacked sufficient detail to function as guide to

5

discovery was not required to be dismissed for failure to state claim; court should permit curative amendment before dismissing complaint, unless amendment would be futile or inequitable); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Cote challenged the federal statutes under which he was convicted, claiming that they are unconstitutional on their face and as applied to him.  While he claims that he is trying to preempt prospective application of the statutes, any declaration that the statutes are unconstitutional would serve to render his conviction here as unlawful.  Thus, Cote is using this action as a vehicle to challenge his federal criminal conviction.[2]

Cote has challenged his indictment and conviction in federal court.  In United States v. Cote, No. 03-CR-271, 2005 WL 1323343 (N.D. Ill. May 26, 2005), Cote argued that his indictment should be dismissed because the statute, 18 U.S.C. § 2423(b), was vague and violated his First Amendment rights to free speech, free

---

[2] Cote's intent here is revealed in his prayer for relief where he suggests that the statutes not be used to deport him. Criminal convictions as to these statutes would place Cote at risk for removal from the United States.  See 8 U.S.C. § 1227(a)(2)(A)(i) (crimes of moral turpitude).

6

association, and privacy, as well as his right to travel under the Commerce clause.  The motion to dismiss the indictment was denied.

Cote also directly appealed from the conviction for violating both 18 U.S.C. §§ 2422(b) and 2423(b).  The United States Court of Appeals for the Seventh Circuit affirmed the conviction in United States v. Cote, 504 F.3d 682 (7th Cir. 2007).

The doctrine of collateral estoppel, or issue preclusion, bars any matter that has been put in issue and directly determined adversely to the party against whom estoppel is asserted.  Wheeler v. Nieves, 762 F.Supp. 617, 625 (D.N.J. 1999) (citing N.J.-Phila. Presbyt. v. N.J. State Bd. of Higher Educ., 654 F.2d 868, 876 (3d Cir. 1981)).  Collateral estoppel proscribes relitigation when (1) the identical issues were decided in a prior adjudication, (2) there was a final judgment on the merits, (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issues.  See Bd. of Trs. of Trucking Empls. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

Collateral estoppel applies "in cases in which a convicted defendant sues the government on a claim that is inconsistent with facts established by the conviction."  Brown v. City of Trenton, 2006 U.S. Dist. Lexis 40359 (D.N.J. June 19, 2006).  The court must afford the findings of the previous criminal court full faith and credit.  Wheeler, 762 F.Supp. at 626.

The components of collateral estoppel have been satisfied as to Cote's claims that the federal criminal statutes under which he was convicted were unconstitutional on their face and in their application as to him.  Indeed, the same issues as to vagueness and the violation of First Amendment rights as asserted by Cote here were adjudicated in his previous motion to dismiss the indictment in his federal criminal proceedings.  There was a final judgment on the merits and Cote had every opportunity to litigate these issues in his direct appeal from the conviction on these statutes.  This Court thus finds that Cote is collaterally estopped from asserting these issues here, as they were determined adversely against him in his federal criminal proceedings.

Cote also appears to argue that he is subject to prospective prosecution under these statutes, which he claims are facially unconstitutional and as applied to him.  This claim is not yet ripe for judicial action.

Ripeness ultimately derives from Article III's requirement that federal courts may decide only cases and controversies.  See Nextel Commc'ns of Mid-Atl. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002).  The Court must raise considerations of ripeness sua sponte, even when the parties do not question jurisdiction. Nextel Communications of th Mid-Atlantic, Inc., 305 F.3d at 192.

The ripeness doctrine determines "whether a party has brought an action prematurely, and counsels abstention until such time as

8

a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." Peachlum v. City of York, Pa., 333 F.3d 429, 433 (3d Cir. 2003) (cites omitted). "The ripeness doctrine prevents judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Lauderbaugh v. Hopewell Twp., 319 F.3d 568, 575 (3d Cir. 2003).

To meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal cites omitted). The "plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal cites and quotes omitted).

Cote cannot demonstrate any actual injury in fact. He has not demonstrated that the criminal conduct under 18 U.S.C. §§ 2422(b) and 2423(b) is a legally protected right. Moreover, Cote cannot show that he faces a direct and immediate harm, as there are no pending charges against him. Even his fear of deportation fails to constitute a concrete and particularized threat of harm

because he has not indicated that removal proceedings have been initiated against him.  Thus, his prospective claim of harm is a future event contingent upon issuance of criminal charges or a removal order, neither of which has occurred.  Therefore, as to Cote's claim of prospective application of the two federal statutes regarding any future criminal charges or the possibility of removal proceedings, such claim must be dismissed as premature to the extent that Cote seeks declaratory judgment as to prospective injuries that have not as yet occurred.

## IV.  CONCLUSION

Cote's claims challenging the legality of federal criminal statutes under which he was convicted will be dismissed with prejudice because these claims were adjudicated on the merits in his federal criminal proceedings.  Further, any claims of prospective or future application of the federal criminal statutes as to Cote will be dismissed without prejudice as premature.  Cote's motion for leave to file under seal and proceed pseudonymously (Docket Entry No. 2) will be denied as moot.  The Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper
                                                  **MARY L. COOPER**
                                                  United States District Judge

Dated:     October 27, 2008